Opinion issued March 29, 2007














Opinion issued March 29, 2007






 

 

     

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00237-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARYLAND CASUALTY COMPANY, Appellant

 

V.

 

AMERICAN HOME ASSURANCE COMPANY AND ILLINOIS NATIONAL
INSURANCE COMPANY, AS SUBROGEES OF NATIONAL EQUIPMENT SERVICES, Appellees

 

 



On Appeal from the 113th District Court








Harris County, Texas

Trial Court Cause No. 2003-04805

 

 



MEMORANDUM OPINION

 

          Maryland
Casualty Company (“Maryland”)
challenges the trial court’s rendition of summary judgment in favor of
appellees, American Home Assurance Company and Illinois National Insurance
Company, as subrogees of National Equipment Services (collectively “NES”).  Maryland contends (1) the trial court’s
summary judgment orders are final and appealable, even though they do not
contain finality language and do not dispose of all parties, and even though
the trial court granted NES’s motion to retain jurisdiction; (2) the trial
court erred in granting summary judgment for NES because the indemnity clause
under which it sued is inconspicuous and therefore unenforceable as a matter of
law, and NES alternatively failed to prove that it is an additional insured
under Maryland’s insurance policy or that it complied with all conditions
precedent; and (3) in the alternative, the trial court erred in awarding
damages exceeding Maryland’s policy limits. 
We conclude that the summary judgment orders from which Maryland
appeals are interlocutory rather than final, and therefore dismiss the appeal
for want of jurisdiction.

Background

          Maryland issued a
commercial general liability policy to Laser Construction (“Laser”) in
September 2000.  The following month,
Laser began constructing an Office Depot store in Richmond, Texas.  Laser leased a trench box from NES so that it
could dig a trench for the store’s underground sewer system.  Pursuant to the parties’ lease agreement,
Laser agreed to indemnify NES from any claims for personal injury or death
arising out of Laser’s use or possession of the trench box.  A few days later, the trench caved in,
killing three construction workers.

          The
decedents’ families sued NES in Fort Bend County for negligence,
gross negligence, and strict liability (“the Vasquez lawsuit”).  NES
subsequently filed a responsible third-party action against Laser.  Pursuant to a Rule 11 agreement[1] between
NES and Laser, Laser did not answer the third-party petition, and NES agreed to
re-file the petition in Harris County.  NES settled with the decedents’ families in
the summer of 2002.

          A
few months later, NES brought an indemnification suit against Laser; Maryland; Tom Davies and
Jim Thurmon, “both individually and as each is d/b/a Laser Construction”; and
Thurmon-Davies, L.L.C.  NES alleged that,
pursuant to the lease agreement for the trench box, it was entitled to
indemnity for all sums it had paid to settle the Vasquez lawsuit.  NES also
alleged that it was entitled to coverage as an additional insured under Laser’s
insurance policy with Maryland.[2]

          Laser
moved for summary judgment on the ground that the indemnity clause contained in
the parties’ lease agreement was unenforceable because it was inconspicuous and
thus did not satisfy the fair notice requirements of Texas law. 
The trial court granted Laser’s motion and dismissed all of NES’s claims
against Laser with prejudice.

          Maryland also moved for
summary judgment on the ground that the indemnity clause was unenforceable
because it was inconspicuous.  In the
alternative, Maryland
argued that NES did not qualify as an additional insured under its insurance
policy with Laser, and, in any event, recovery should be barred because NES
failed to comply with certain conditions precedent in the policy.  NES filed a cross-motion for summary
judgment, asserting that it was entitled to coverage as an additional insured
under the policy.  In separate orders,
the trial court denied summary judgment for Maryland and granted summary judgment for
NES, awarding it $2.25 million in damages and over $100,000 in attorney’s
fees.  Maryland appeals from these orders.

          After
Maryland
filed its notice of appeal, NES filed a verified motion to retain, asking the
trial court to retain jurisdiction “so that the Plaintiffs can obtain a default
judgment and/or attempt service on Tom Davies, Jim Thurmon, and/or Thurmon-Davies,
LLC.”  The trial court granted NES’s
motion, thereby retaining the case on its docket.

Finality

“[T]he general rule, with a few
mostly statutory exceptions, is that an appeal may be taken only from a final
judgment.”[3]  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex.
2000).  “Although a judgment following a
trial on the merits is presumed to be final, there is no such presumption of
finality following a summary judgment . . . .”  In re Burlington Coat Factory Warehouse of
McAllen, Inc., 167 S.W.3d 827, 829 (Tex. 2005) (citing Lehmann,
39 S.W.3d at 199–200).

[W]hen there has not been a conventional trial on the
merits, an order or judgment is not final for purposes of appeal unless it
actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties. .
. .  An order that disposes of claims by
only one of multiple plaintiffs or against one of multiple defendants does not
adjudicate claims by or against other parties. 
An order does not dispose of all claims and all parties merely because it
is entitled “final”, or because the word “final” appears elsewhere in the
order, or even because it awards costs. . . . 
Rather, there must be some other clear indication that the trial court
intended the order to completely dispose of the entire case.

 

To determine whether an order disposes of all pending
claims and parties, it may . . . be necessary for the appellate court to look
to the record in the case. . . .  [I]f
the record reveals the existence of parties or claims not mentioned in the
order, the order is not final.

 

Lehmann, 39
S.W.3d at 205–06.

          Here, although the orders from which
Maryland appeals are entitled “Order Denying Final Summary Judgment” and “Order
Granting Final Summary Judgment,” they do not contain the type of “clear and
unequivocal” finality language that the Texas Supreme Court approved in Lehmann.  See id. (noting that judgment is not
final merely because it is entitled “final”; rather, judgment must contain
“clear and unequivocal” finality language). 
The Lehmann court “provided an example of unequivocal language
that would clearly indicate finality, noting that ‘a statement like, “This
judgment finally disposes of all parties and all claims and is appealable”,
would leave no doubt about the court’s intention.’”  Burlington,
167 S.W.3d at 830 (quoting Lehmann, 39 S.W.3d at 206).  The orders at issue here lack such an
unequivocal expression of finality.  We
therefore must determine whether, based on the record, the orders dispose of
all parties and all claims.  See
Lehmann, 39 S.W.3d at 195.

          NES’s petition asserts claims against
five defendants: (1) Maryland,
(2) Laser, (3) Tom Davies, (4) Jim Thurmon, and (5) Thurmon-Davies, L.L.C.  The record reflects that the trial court
disposed of all claims against Laser by granting its motion for summary
judgment.  The record also reflects that
the trial court disposed of all claims against Maryland by
granting summary judgment for NES.  There
is nothing in the record, however, to indicate that the trial court disposed of
NES’s claims against Davies, Thurmon, and Thurmon-Davies, L.L.C.

          Maryland acknowledges this, but
asserts that the summary judgment orders are nonetheless final because NES did
not serve the remaining parties.  In M.O.
Dental Lab v. Rape, the Texas Supreme Court reaffirmed the principle that a
judgment may be final, even though it does not dispose of all parties named in
the petition, if the remaining party was never served with citation and did not
file an answer, and nothing in the record indicates that the plaintiff ever
expected to obtain service upon the remaining party.  139 S.W.3d 671, 674–75 (Tex. 2004) (approving of Youngstown Sheet
& Tube Co. v. Penn, 363 S.W.2d 230 (Tex. 1962)).  In such a situation, “‘the case stands as if
there had been a discontinuance as to [the unserved parties], and the judgment
is to be regarded as final for the purposes of appeal.’”  Id. at 674 (quoting Penn, 363 S.W.2d
at 232).

          Here,
unlike in Rape and Penn, the record indicates that NES does expect to obtain service upon the
remaining parties.  Cf. Rape, 193 S.W.3d at 674 (noting that Rape “did not indicate in
either the trial court or the court of appeals that she expected to serve Smith”);
Penn, 363 S.W.2d at 232 (observing
that nothing in record indicated that plaintiff ever expected to obtain service
upon remaining party).  Specifically, in
its post-summary judgment motion to retain, NES asked the trial court to
“retain this matter on its docket so that the Plaintiffs can obtain a default
judgment and/or attempt service on Tom Davies, Jim Thurmon, and/or
Thurmon-Davies, LLC.”  The trial court
granted NES’s motion, thereby retaining the case on its docket and indicating
that it does not view the summary judgment orders as final.  Given these circumstances, we conclude that
the summary judgment orders are interlocutory rather than final.  See
Wanzer v. Mendoza, No. 04-05-00505-CV, 2005
WL 2368007, at *1 (Tex.
App.—San Antonio
Sept. 28, 2005, no pet.) (mem. op.) (holding that dismissal orders were
interlocutory rather than final, even though only parties not disposed of in
orders had not answered or appeared, because plaintiff filed “Advisory to the
Court” reflecting that he expected to obtain service on remaining parties); see also Cordova v. Harkins, No.
01-05-00495-CV, 2006 WL 1428857, at *2 (Tex. App.—Houston [1st Dist.] May 25,
2006, no pet.) (mem. op.) (holding that order granting nonsuit was not final,
even though it was entitled “final judgment,” because it mentioned only one
defendant and not other); Joseph v.
Mirror Finishes & Collision of Houston, Inc., No. 01-03-00317-CV, 2004
WL 2966311, at *2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2004, no pet.) (mem.
op.) (holding that summary judgment orders were interlocutory rather than final
because they did not contain unequivocal finality language and did not dispose
of plaintiff’s claims against six remaining defendants).  Because the case lacks finality, we lack jurisdiction
to hear any direct appeal.  Lehmann, 39 S.W.3d at 195.

Conclusion

          Based
on the language of the summary judgment orders and the record presented, we
hold that the summary judgments at issue in this appeal are neither final nor
appealable.  We therefore dismiss the
appeal for want of jurisdiction.

 

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.











[1]
See
Tex. R. Civ. P. 11.

 





[2]
The insurance policy provides that, along with
Laser,

 

Each
of the following is also an insured:

 

. .
. .

 

i.          Any
person or organization who is the lessor of leased equipment leased to you[,
Laser], but only with respect to their liability arising out of the
maintenance, operation or use by you of such equipment subject to the following
additional exclusions:

 

            This insurance does not apply to:

 

(1)       Any
“occurrence” that takes place after the equipment lease                                                 
                                                                      expires;
or

 

(2)       “Bodily
injury” or “property damage” arising out of the sole negligence of that person
or organization.

 





[3]
None of the statutory exceptions is applicable
here.