The YOUNGSTOWN SHEET & TUBE CO., Petitioner,

v.

Henry W. PENN et al., Respondents.

No. A–8984.

Supreme Court of Texas.

Nov. 21, 1962.

Rehearing Denied Jan. 16, 1963.

L. L. James, Tyler, for petitioner.

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for respondents.

WALKER, Justice.

This is a summary judgment proceeding. The Youngstown Sheet and Tube Company, petitioner, brought suit against Texita Oil Company on a sworn account and for foreclosure of materialmen's liens on the Mallard "A" and Mallard "B" leases in Atascosa County. Petitioner's claim is for labor and materials which it furnished to Texita. The second amended original petition alleged that Texita was a partnership composed of Gordon W. Johnson, I. A. McNab, Morris Cannan, Henry W. Penn, J. K. Stark, and J. P. Hale. It was also alleged that the defendants were partners in the development and operation of the two leases. Johnson and McNab answered that they were partners engaged in business under the name of Texita Oil Company and had been discharged in bankruptcy. Penn, Stark and Hale, respondents, filed a verified answer denying that they were partners in Texita, and further denying that they had engaged in a partnership with Texita in the development and operation of the leases. Respondents' motion for summary judgment was granted by the trial court, and the Court of Civil Appeals affirmed. Tex.Civ.App., 355 S.W. 2d 239.

█ The judgment entered by the trial court expressly disposes of all parties named in the petition except Cannan. So far as can be determined from the record, Cannan was never served with citation and did not answer, and there is nothing to indicate that petitioner ever expected to obtain service upon him. In these circumstances the case stands as if there had been a discontinuance as to Cannan, and the judgment is to be regarded as final for the purposes of appeal. See Moody v. Smoot, 78 Tex. 119, 14 S.W. 285; Mabry v. Lee, Tex.Civ.App., 319 S.W.2d 125 (wr. ref.); Varrs v. Faulkner, Tex.Civ.App., 138 S.W. 789 (no writ).

Respondents filed a number of affidavits in support of their motion for summary judgment. One of these was made by Gordon W. Johnson, who stated that he and I. A. McNab were engaged in business as partners under the name of Texita Oil Company and that respondents were never partners in such business. Petitioner recognizes that Texita was a partnership composed of Johnson and McNab, but it contends that respondents were partners with Texita in the operation of the leases.

Attached to respondents' original answer is a photostatic copy of an operating agreement dated March 1, 1957, purportedly executed by respondents and Texita. The Johnson affidavit states that in connection with the Mallard "B" lease described in the original petition, "Texita Oil Company and the defendants, Henry W. Penn, J. K. Stark and J. P. Hale, executed a written operating agreement dated March 1, 1957, effective as of such date, a copy of which is attached to the original answer filed by such defendants in the above named proceeding and which is made a part hereof by reference as if fully rewritten herein." If this operating agreement and the facts disclosed by the several affidavits were properly considered by the trial court, we agree with the Court of Civil Appeals that the record shows that there is no genuine issue as to any material fact and that respondents are entitled to judgment as a matter of law in so far as the claim for labor and materials furnished in connection with the operation of the Mallard "B" lease is concerned.

Petitioner insists that the affidavits are fatally defective because they do not comply with Rule 166–A, Texas Rules of Civil Procedure, in the following respects: (1) the affidavits do not state that they are made on

the personal knowledge of the affiants; (2) the affidavits do not show affirmatively that the affiants are competent to testify to the matters stated therein; (3) sworn or certified copies of the papers referred to in the affidavits were not attached thereto or served therewith; and (4) each affidavit is based, in part, upon conclusions and hearsay. None of these objections was made in the trial court.

Paragraph (e) of Rule 166–A provides that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." Although there is no express requirement that the affidavits state that they are made on the personal knowledge of the affiant, we think this in the intendment of the rule. Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand.

We also agree with petitioner that Rule 58, Texas Rules of Civil Procedure, which authorizes statements in a pleading to be adopted by reference in a different part of the same pleading, in another pleading or in any motion, does not apply to an affidavit filed in support of or opposition to a motion for summary judgment. The affidavit is not a pleading or motion but constitutes "proof" upon which the motion will be either granted or denied.

It thus appears that the affidavits in this case were subject to exception in the trial court because they do not show affirmatively that they are made on personal knowledge and that the affiants are competent to testify to the matters stated therein, and also because verified or certified copies of the operating agreements were not attached to or served with the Johnson affidavit. While the affidavits do contain certain conclusions, the summary judgment with respect to the Mallard "B" lease is supported by the factual statements made therein when considered in connection with the provisions of the operating agreement attached to the answer. There is no merit then in the fourth objection urged by petitioner.

Rule 166–A was taken from Federal Rule 56. The Federal courts have held that the failure to attach certified copies or to state clearly and unambiguously that the affidavits are made on personal knowledge affords no basis for disturbing a summary judgment on appeal if the record shows that the moving party is entitled to prevail, at least where the objection was not urged in the trial court. Lawson v. American Motorists Ins. Corp., 5th Cir., 217 F.2d 724.; Whelan v. New Mexico Western Oil & Gas Co., 10th Cir., 226 F.2d 156. See also Mellen v. Hirsch, D.C., 8 F.R.D. 248 (affirmed per curiam, 4th Cir., 171 F.2d 127). This is the position taken by at least two of our Courts of Civil Appeals. Womack v. Allstate Ins. Co., Tex.Civ.App., 286 S.W.2d 308 (reversed on other grounds, 156 Tex. 467, 296 S.W.2d 233); Lobit v. Crouch, Tex.Civ.App., 293 S.W.2d 110 (wr. ref. n. r. e.). Another intermediate court has held that an affidavit is fatally defective in the absence of an affirmative showing that it is made on personal knowledge and that the affiant is competent to testify, Lawyers Surety Corp. v. Sevier, Tex.Civ.App., 342 S.W.2d 604 (no writ); Anderson v. Hake, Tex.Civ.App., 300 S.W.2d 663 (no writ), but that an objection to documentary evidence attached to an affidavit on the ground that the instruments are not sworn to or certified comes too late when raised for the first time on appeal. Farmers & Merchants Compress & Warehouse Co. v. City of Dallas, Tex.Civ.App., 335 S.W.2d 854 (wr. ref. n. r. e.).

In Gardner v. Martin, Tex., 345 S.W.2d 274, we said that to entitle the moving party to summary judgment, there must be strict compliance with the provisions of Rule 166–A. The defendant's motion for summary judgment in that case was granted on the basis of the trial court's conclusion that a former judgment was res adjudicata of the claims asserted by the plaintiff, but the defendant failed to attach to his motion either sworn or certified copies of the pleadings and judgment in the earlier suit. Since there was nothing in the record that would enable an appellate court to determine whether the motion was properly granted, it was held that the judgment could not stand.

■ Here a copy of the operating agreement was attached to respondents' answer, and the Johnson affidavit states that this instrument was executed by the parties and attempts to incorporate the same by reference. All of its provisions are disclosed by the record, and petitioner could not have failed to understand that such agreement was relied upon by respondents in urging and by the trial court in granting the motion for summary judgment. Unlike the case of Box v. Bates, Tex., 346 S.W.2d 317, the factual statements made in the affidavits are not obviously based on hearsay. The information regarding the affiants set out therein and the nature of the facts stated indicate that each affiant probably has personal knowledge of and is competent to testify to such facts. If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit, it should have excepted to the affidavits at or prior to the hearing. The deficiencies which it now urges appear to be purely formal, and it may be assumed that they would have been corrected upon proper exception in the trial court. We hold that objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ This disposes of the claim and lien asserted for labor and materials furnished to Texita in connection with the operation of the Mallard "B" lease, but the situation with respect to the Mallard "A" lease is quite different. Petitioner alleged that such lease was owned by Texita and Penn. Although the motion for summary judgment and the Johnson affidavit disclose that a written agreement for the operation of the lease was executed by Texita and Penn, a copy of the instrument was not attached to the motion or any of the pleadings or affidavits and does not appear in the record now before us. The affidavit and motion indicate that such agreement was similar to the one covering the Mallard "B" lease, that the printed provisions of the two instruments are identical, and that only the typed portions are different. It thus appears that the parties executed an agreement for the operation of the Mallard "A" lease, but the trial court could not properly determine its provisions from the motion, pleadings, depositions, admissions and affidavits. Respondents did not discharge their burden of showing that they are entitled to judgment as a matter of law on this phase of the case. Gardner v. Martin, supra.

Since the two causes of action alleged by petitioner are severable, the judgment of the Court of Civil Appeals is modified so as to provide: (1) that the judgment of the trial court, in so far as it decreed that petitioner take nothing with respect to the claim and lien asserted for materials, supplies, equipment and services furnished in connection with the Mallard "A" lease, be reversed and that this part of the case be remanded to the district court; and (2) that the judgment of the trial court is otherwise affirmed. As so modified, the judgment of the Court of Civil Appeals is affirmed.