**496**

Robert ZEPEDA, Appellant,

v.

John L. BULLERI and wife, Manuela
Bulleri, Appellees.

No. 04–87–00488–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1987.

Richard H. Ihfe, Janet P. Littlejohn, San
Antonio, for appellant.

Stevan R. Stough, San Antonio, for appellees.

Before CADENA, C.J., and
ESQUIVEL and DIAL, JJ.

OPINION

PER CURIAM.

The question addressed in this opinion is whether the judgment below is final for purposes of appeal. Appellees were plaintiffs below. Their first amended original petition named six defendants. On February 25, 1987, in a trial to the court, a default judgment was taken only against appellant Robert Zepeda. He seeks to appeal this judgment by way of a petition for writ of error.[1] The transcript was silent as to the disposition of the remaining defendants. No order of severance appeared in the transcript. We ordered appellant to show cause why his appeal should not be dismissed due to the lack of a final judgment.

■ Both sides have responded to our order. Appellees argue that the default judgment was interlocutory, but that the trial court had already set it aside when it granted appellant's motion for new trial on June 10, 1987. The motion for new trial was filed on April 1, 1987. It was due, however, by March 27, 1987, 30 days after the order complained of was signed. TEX. R.CIV.P. 329b(a). Because the motion for new trial was not timely, the trial court lost plenary power to grant the motion on March 27, 1987, 30 days after the default judgment was signed. TEX.R.CIV.P. 329b(d). The order granting the new trial is therefore a nullity.

■ Appellees admit that of the six defendants only appellant has been served. Although citations have been issued for the other named defendants, no service has been executed. When a judgment disposes of all named parties except those who have not been served and have filed no answer, the judgment is final for the purpose of appeal, and the case stands as if there had been a discontinuance or a dismissal as to the parties not served. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232

---

1. The petition for writ of error and cost bond were filed within six months of the default judgment. *See* TEX.R.APP.P. 45. They are timely if the default judgment is final and appealable.

(Tex.1962); *First Dallas Petroleum, Inc. v. Hawkins,* 715 S.W.2d 168, 170 (Tex.App.—Dallas 1986, no writ); *Gumpp v. Philadelphia Life Insurance Co.,* 562 S.W.2d 885, 886 (Tex.Civ.App.—San Antonio 1978, no writ).

We hold that the judgment is final for the purpose of this appeal, and that appellant has shown good cause for continuing his appeal. The appeal will be heard in due course.