Stephen Odell DILLARD, Michael Chavers and C. & C. Produce Company, Inc., Appellants,

v.

William F. LEONARD, Appellee.

No. 04–90–00281–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1990.

George H. Spencer and Daniel A. Bass, Clemens & Spencer, San Antonio, for appellants.

Richard J. Jauma, Houston, for appellee.

## OPINION

BIERY, Justice.

William Leonard sued Steven Dillard, C. & C. Produce Company, Inc. and Michael Chavers for personal injuries arising out of an automobile accident. Leonard obtained a default judgment against Dillard in the amount of $1,080,000. Dillard appeals to this court by writ of error. We hold that the default judgment was interlocutory and was properly set aside by the trial court. Accordingly, we have no final judgment before us and the appeal is dismissed for want of jurisdiction.

The chronology of pertinent events is as follows:

(a) The citation directed to petitioner Dillard was issued September 13, 1989 and purports to have been served on Richard Hudson on November 17, 1989.

(b) The citation directed to C. & C. Produce Company was issued September 13, 1989 and purports to have been served on "S. Dillard" on September 27, 1989.

(c) The citation directed to Michael Chavers was issued on September 13, 1989 and was served on Michael Chavers on November 15, 1989.

(d) A default judgment entitled "Interlocutory Judgment" was signed by the trial court on November 1, 1989, with the recitation that of the three defendants, only Dillard had been duly and legally cited to appear and answer, affirmatively stating that the remaining defendants had not been duly and legally served.

(e) On November 1, 1989, but after the entry of the interlocutory judgment, an original answer was filed for all three defendants.

(f) Dillard filed a motion to set aside the interlocutory judgment on December 18, 1989.

(g) The trial court set aside the default judgment on January 17, 1990.

(h) Concerned that the interlocutory judgment was in fact a final judgment because of this court's per curiam opinion in *Zepeda v. Bulleri*, 739 S.W.2d 496 (Tex.App.—San Antonio 1987, no writ), Dillard filed, on April 18, 1990, his petition for writ of error.

*Zepeda*, like the case before us, involved the taking of a default judgment against only one defendant and no severance of the remaining defendants. *Zepeda* relied on *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962); *First Dallas Petroleum, Inc. v. Hawkins*, 715 S.W.2d 168 (Tex.App.—Dallas 1986, no writ); *Gumpp v. Philadelphia Life Ins. Co.*, 562 S.W.2d 885 (Tex.Civ.App.—San Antonio 1978, no writ) for the proposition that when a judgment disposes of all named parties, except those who have not been served and have filed no answer, the judgment is final for the purpose of appeal, and the case stands as if there had been a discontinuance or a dismissal as to the parties not served. *Youngstown, First Dallas Petroleum* and *Gumpp*, however, did not involve default judgments.

The *Zepeda* opinion should have relied upon rule 240 of the Texas Rules of Civil Procedure, which provides:

> Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others.

*See* TEX.R.CIV.P. 240 and annotated cases cited therein. Accordingly, we overrule *Zepeda v. Bulleri,* 739 S.W.2d 496 (Tex. App.—San Antonio 1987, no writ).

 Having overruled *Zepeda,* we hold that the default judgment against Dil-lard was interlocutory in nature, pursuant to TEX.R.CIV.P. 240, and the trial court had authority to set it aside. A trial court's timely setting aside of a default judgment and granting a motion for new trial is not reviewable on appeal. *Cummins v. Paisan Constr. Co.,* 682 S.W.2d 235 (Tex.1984). Therefore, there is no final judgment before this court. The appeal is dismissed for want of jurisdiction.