NO. 07-05-0397-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2007
_____

KENNETH HICKMAN-BEY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID, ET AL., APPELLEES
_____

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4249-H; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Kenneth Hickman-Bey brings this appeal from the dismissal of his suit against the Texas Department of Criminal Justice and six employees of the Department. Finding no final judgment has been rendered by the trial court, we dismiss the appeal for want of jurisdiction.

While he was incarcerated at a prison unit in Dalhart, appellant filed a grievance alleging prison officials engaged in discriminatory conduct concerning work assignments based on appellant's race. A second grievance alleged different officials interfered with

his practice of his religious beliefs by denying him possession of prayer beads and a medallion. Both grievances were denied and appellant filed suit against the Department, "Chaplin Brown," Betty Parrish-Gary, Roy Romero and Larry Goucher seeking injunctive relief under 42 U.S.C. § 1983. Attached to the petition were appellant's affidavit of indigence, affidavit that he had exhausted administrative remedies, affidavit of previous filings, a statement of his inmate trust account, and request for issuance of citation. His first amended petition added Department employees Jasper Maxey and Tamala Alvarez as defendants.

The Attorney General filed a general denial on behalf of "Douglas Brown, Lynne Gary, Larry Goucher, Roy Romero, and [the] Texas Department of Criminal Justice-Correctional Institutional Division." That office then filed a motion to dismiss on behalf of the same parties alleging appellant failed to file affidavits of previous filings or exhaustion of administrative remedies as required by Chapter 14 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. Ch. 14 (Vernon 2002). The trial court dismissed the claims against Douglas Brown, Lynne Gary, Larry Goucher, Roy Romero and the Department "as frivolous, for failure to comply with the requirements of Chapter Fourteen of the Civil Practice and Remedies Code." Appellant now seeks to appeal that order.

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating rule). Appeal can be taken from interlocutory orders in certain instances authorized by statute. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see, e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014

(Vernon Supp. 2006). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann*, 39 S.W.3d at 191; *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). The absence of an appealable order deprives us of jurisdiction to consider the appeal. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000).

The order from which this appeal is brought does not dispose of all parties. It does not dispose of appellant's claims against Jasper Maxey or Tamela Alvarez. The order dismissing all claims against Lynne Gary is not a dismissal of claims against the named defendant, Betty Parrish-Gary.[1] The record does not indicate the claims against those defendants have been severed. Nor does the procedural history of this case permit us to deem a nonsuit as to those defendants. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment). The order from which appellant has given notice of appeal is not a final judgment and is not appealable. We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

James T. Campbell
Justice

---

[1] Nothing in the record shows the discrepancy is a misnomer subject to correction or shows any effort to do so.

3