**Dismiss and Opinion Filed January 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01441-CV

**SUSAN ANN FISHER, Appellant**

**V.**

**MEDICAL CENTER OF PLANO, ET AL., Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01024-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Appellant appeals an order of the trial court dated October 17, 2014 that dismissed her medical liability claims against Alireza Zaramand Atef, M.D. and Salman Waheed, M.D. for failure to comply with chapter 74 of the Texas Civil Practice and Remedies Code. Following the signing of the order appealed, on November 14, 2014, the trial court signed an order dismissing appellant's claims against Medical Center of Plano, Cynthia Carter, RN, Anne Handley, RN and Ray Delgadillo, RT for failure to comply with chapter 74 of the civil practice and remedies code. Appellant amended her notice of appeal to include the November 14, 2014 dismissal order and also filed a separate appeal of the November 14, 2014 dismissal order.[1] After the trial court signed the November 14, 2014 dismissal order, only one defendant remained in the suit, an

---

[1] *Fisher v. Medical Center of Plano*, No. 05-14-01585-CV.

unserved respiratory therapist, Michael Allen, RT.[2]  Appellant's amended notice of appeal states "Michael Allen is still being sought for service," but her response to the motion to dismiss states Allen has now been served by publication.  In either event, we conclude we lack jurisdiction and dismiss the appeal.

Generally, this Court has jurisdiction only over appeals from final judgments.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  A final judgment is one that disposes of all pending parties and claims.  *Id.*  If Allen has indeed been served by publication, there is no final judgment in the trial court because claims remain pending against a served party.

Alternatively, if Allen is "still being sought for service," the judgment is interlocutory nonetheless.  If a judgment expressly disposes of some, but not all, of the defendants but the only remaining defendants have not been served or filed answers and nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants, the judgment is a final judgment.  *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674–75 (Tex. 2004) (per curiam); *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962).  "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Penn,* 363 S.W.2d at 232.  Failure to effect service of process against an unserved defendant cannot, however, be read as "tantamount to lack of intent to serve that defendant," in cases in which the other defendants have been dismissed at an early stage in the case.  *In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).  In such cases, the Court must determine whether the record evidences an intention to serve the unserved defendant.  *See, e.g., In re Minter Elec. Co., Inc.*, 277 S.W.3d 540, 544 (Tex. App.—Dallas 2009, orig. proceeding) (concluding record demonstrated intention to serve unserved defendant where petition recited

---

[2] A medical doctor,  also named Michael Allen, was served with citation in the case.  Dr. Allen moved to quash service of process and the trial court granted his motion on November 14, 2014.

where defendant could be served, citation was paid for and issued for him, case had been pending less than a year, plaintiffs continued to include defendant in pleadings, and trial court struck through word "final" in heading of judgment). Here, on its face the judgment is not a final judgment. Because appellant's amended notice of appeal specifically indicates an intention to serve Allen, the orders dismissing plaintiff's claims for failure to comply with chapter 74 remain interlocutory in the trial court pending final determination or discontinuance of the claims against Allen.

The Texas Civil Practice and Remedies Code authorizes certain interlocutory appeals in medical liability cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2014) (permitting interlocutory appeal of order denying dismissal based on failure to serve an expert report); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(10) (West Supp. 2014) (permitting interlocutory appeal of order granting challenge to adequacy of expert report). The orders appealed in this case, however, were orders granting dismissal based on failure to serve an expert report. The civil practice and remedies code does not authorize appeal of such orders *Riggs v. Perlman*, No. 01-13-00974-CV, 2014 WL 2627841, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2014, no pet.) (mem. op.).

Because the trial court has neither rendered final judgment nor signed an appealable interlocutory order, this Court lacks jurisdiction over the appeal. We **DISMISS** the appeal.

141441F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUSAN ANN FISHER, Appellant

No. 05-14-01441-CV      V.

MEDICAL CENTER OF PLANO, ET AL.,
Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-01024-2014.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees SALMAN WAHEED, M.D. and ALIREZA ZAFARMAND ATEF, M.D. recover their costs of this appeal from appellant SUSAN ANN FISHER.

Judgment entered January 6, 2015.