In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00035-CV

_____

WALLACE MITCHELL, Appellant

V.

J.M. THOMAS, RENEE BOONE, TINA WISE, DEBORAH FONTENETTE, T. CASTILLO, T. WHITE, CARALYN FLOYD, NANCY WELLS, C.C. MAY, LUIS RAMOS, G. COBURN, S. MIDDLEBROOKS, JOHN FERNON, H. SIMMONS, S.B. PERMENTER, C. BREKEL, BIG BODY LONGORIA, AND WELLPATH HEALTH, Appellees

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. 23DCCV0187

**MEMORANDUM OPINION**

In this healthcare liability lawsuit, Wallace Mitchell appeals pro se the trial court's Order granting the Motion to Dismiss of Luis Ramos, Nancy Wells, Renee Boone, Deborah Fontenette, Caralyn Floyd, Ginger Coburn, Heather Simmons, John Fernon Jr., Christopher May, J.M. Thomas, Shelbea Permenter, Tina Wise, Candy

1

Brekel, Sarah Middlebrooks, Shelly Longoria, Taylor Castillo, Telisa White, and Wellpath, LLC[1] (collectively, "Wellpath Defendants" or "Appellees") based on Texas Civil Practice and Remedies Code section 74.351(b), which alleged Mitchell failed to file an expert report.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). In three issues, Mitchell complains the trial court erred by granting the Motion and dismissing his claims with prejudice, arguing: (1) the lower court erred by applying Chapter 74 to this lawsuit; (2) the lower court failed to allow him to offer proof that he was never served with Appellees' Answer to the complaint; and (3) the lower court erred in dismissing the suit where Defendant Lewis Brisbois is in default. We dismiss the appeal for the reasons discussed below.

## BACKGROUND

In April of 2023, Mitchell filed his "Civil Complaint." In his Complaint, Mitchell alleges that he is an inmate at the Beaumont Unit Correctional Complex, and the "Defendants . . . are employees of the private healthcare provider, Wellpath Health, and are under a contract to provide" him necessary healthcare. He asserts,

---

[1] Mitchell asserts that Lewis Brisbois is an Appellee while simultaneously claiming it is in default. This is incorrect. The record reflects that Lewis Brisbois was not served in the trial court, has not answered, did not join in the Motion to Dismiss, and is not a party to this appeal. We will discuss these matters in greater detail later in the opinion.

[2] For purposes of clarity, we have recited the Appellees' complete names as stated in their Brief as opposed to using the initials Mitchell identified them by in his Petition and Brief.

among other things, that the Wellpath Defendants denied him "serious medical treatment, were deliberately indifferent to the Plaintiff's serious medical needs and caused and continue to cause Plaintiff pain, prolonged suffering, disfigurement, and progression of otherwise curable diseases." Mitchell then proceeds to outline how each of the Wellpath Defendants failed to treat his medical conditions. He also complains that the Wellpath Defendants "have patterns of delay and indifference in providing care, further the Defendants do not have the necessary training or licensure[.]" The Complaint provides addresses where the Wellpath Defendants may be served.

In addition to the Appellees, Mitchell names Lewis Brisbois, as a defendant in this case and lists Lewis Brisbois's address as Lewis Brisbois, AA, Wellpath Health, 2100 Ross Ave., Suite 2000, Dallas, Texas 75201. Citation was issued on April 4, 2023, to Lewis Brisbois at: Wellpath Health, P.O. Box 26030, Beaumont, Texas 77720, the same address listed in Mitchell's Complaint for most of the Wellpath Defendants. The clerk's record does not contain any returns of service on any of the Defendants. The clerk's record also does not show that Lewis Brisbois ever answered or otherwise appeared.

On April 28, 2023, the Wellpath Defendants answered with a general denial. The Certificate of Service attached to the Wellpath Defendants' Answer states that

3

it was served by regular mail and certified mail return receipt requested and listed the same address Mitchell provided when he filed his Civil Complaint. It also lists the address for the law firm representing the Wellpath Defendants. On May 9, 2023, Mitchell filed a "Motion to Amend Caption" and served it on the law firm representing the Wellpath Defendants.

On October 30, 2023, the Wellpath Defendants filed Defendants' Chapter 74 Motion to Dismiss. In their Motion to Dismiss, the Wellpath Defendants argue that Mitchell brought healthcare liability claims against them, and he must serve an expert report pursuant to Texas Civil Practice and Remedies Code section 74.351(a). They note that Mitchell sued them in their professional capacities, "such as MDs, LVNs, RNs, DDS, etc." They contend that Mitchell "asserts causes of action arising from 'treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care.'" The Wellpath Defendants argue that since this is a healthcare liability claim, Mitchell must serve one or more expert reports for each physician or healthcare provider against whom a liability claim is asserted "not later than the 120th day" after they filed their answer. They assert that since they filed their Answer on April 28, 2023, Mitchell's expert report was due on August 26, 2023. Finally, they contend that since Mitchell failed to file the required

Chapter 74 expert report, the trial court must dismiss his lawsuit. On October 31, 2023, the Wellpath Defendants filed a Notice of Submission, indicating the trial court would consider their Chapter 74 Motion to Dismiss on November 27, 2023, by submission.

On November 14, 2023, Mitchell filed his "Opposition to Defendants' Chapter 74 Motion to Dismiss." In his Opposition, Mitchell claims that his lawsuit did not involve healthcare liability, instead it involves deliberate indifference that was not medical negligence, which constituted "cruel and unusual punishment in violation of the Eighth Amendment." Further, Mitchell argues that Defendants failed to serve him with their Answer, so he had no way to honor the 120-day expert report requirement. In his Opposition, Mitchell also notes that "Defendant Lewis Brisbois has failed to appear and defend, thus the Complaint remains in full force and affect [sic] towards him[.]" Mitchell claims he filed a Motion for Sanctions for Defendants' failure to serve him with their Answer.

Also on November 14, 2023, Mitchell filed a "Motion for Appointment of Counsel" claiming that he was indigent, and his constitutional rights were violated. The record does not show that this Motion for Appointment of Counsel was set for hearing or submission. He also notes that he did not have knowledge of the Texas Civil Practice and Remedies Code.

5

Finally, on November 14, 2023, Mitchell also filed his Motion for Sanctions based on Defendants' alleged failure to serve him with their Answer. He asserts that he only learned that the Wellpath Defendants filed an answer when he received their Chapter 74 Motion to Dismiss. He argues that the Wellpath Defendants should produce a tracking record with his signature. He contends that since he did not receive their Answer, he did not know an expert report was due. Mitchell cites Texas Rules of Civil Procedure 21a(e) and 21b and contends he is entitled to sanctions. Mitchell attaches a copy of his "Declaration" claiming that he did not receive the Answer. The record likewise does not show that his Motion for Sanctions was set for hearing or submission.

On December 20, 2023, the trial court signed an Order granting the Wellpath Defendants' Chapter 74 Motion to Dismiss and dismissed Mitchell's claims against them with prejudice. The trial court's Order listed each Wellpath Defendant, then states,

> After having considered the motion, Plaintiff's response, if any, the arguments of counsel, if any, and all other relevant matters of record, the Court finds Defendants' motion is meritorious and should be granted. It is therefore:
> ORDERED that Defendant's Chapter 74 Motion to Dismiss is GRANTED. It is further,
> ORDERED that Plaintiff take nothing on their claims and causes of action asserted in this cause against Defendants, and their claims and causes of action are hereby dismissed with prejudice.

The trial court's Order does not indicate that it resolved all parties and claims or that it was final and appealable.

On January 22, 2024,[3] Mitchell filed a Motion to Reinstate; however, this Motion to Reinstate was unverified. *See* Tex. R. Civ. P. 165a (requiring a motion to reinstate be verified). In the Motion to Reinstate, among other things, Mitchell complains that "the court has been silent as to Defendant Lewis Brisbois, who failed to answer or appear and for whom a Motion for Entry of Default is still pending." He filed his Notice of Appeal on January 25, 2024, which was more than 30 days after the December 20, 2023, Order was signed. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (discussing Texas Rule of Civil Procedure 165a and concluding that where party failed to file a verified motion to reinstate within 30 days of signed dismissal order, the court's jurisdiction to reinstate expired); *Butts v. Cap. City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (same); *see also Trimble v. Muniz*, No. 09-23-00212-CV, 2025 WL 719076, at *1 (Tex. App.— Beaumont Mar. 6, 2025, no pet.) (mem. op.). Regardless of the above, we are dismissing this appeal based upon our lack of jurisdiction, which is discussed more fully below.

_____

[3]The file stamp in the Clerk's Record shows January 22, 2023; however, this appears to be in error where the Clerk's office had not changed the file stamp to the correct year. This is further supported by the Clerk's Index that shows that the correct date was January 22, 2024.

7

**JURISDICTION**

Appellees question our jurisdiction to hear this appeal and argue that the trial court's Order dismissing Mitchell's claims against them was not final, because Mitchell's claims against Defendant Lewis Brisbois are unresolved. On appeal, Mitchell also contends that Lewis Brisbois failed to appear and defend, so the claims against him should not have been dismissed.

As a threshold matter, we address our jurisdiction first. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (explaining that reviewing courts have an affirmative obligation to ascertain whether they have subject-matter jurisdiction); *Copley v. Guidry*, No. 09-24-00046-CV, 2025 WL 1074805, at *4 (Tex. App.—Beaumont Apr. 10, 2025, no pet.) (mem. op.). "Subject matter jurisdiction presents a question of law we review de novo." *Rhule*, 417 S.W.3d at 442 (citation omitted). "Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (citing Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998)).

A judgment is final for purposes of appellate jurisdiction if it disposes of all claims and parties in a case or if it states with "unmistakable clarity that it is a final judgment as to all claims and all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d

8

191, 192–93 (Tex. 2001). However, under certain circumstances, an order can be final for purposes of appeal where the record shows a remaining party was never served and filed no motions or pleadings. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673–75 (Tex. 2004) (explaining that *Penn* is still good law and not overruled by *Lehmann*).

> In *Penn*, the trial court's order granting summary judgment disposed of all parties named in the petition except one. The remaining party was never served with citation and did not file an answer, and nothing in the record indicated that the plaintiff in the case ever expected to obtain service upon the remaining party. We therefore held, "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal."

*M.O. Dental Lab*, 139 S.W.3d at 674 (quoting *Penn*, 363 S.W.2d at 232). In *Penn*, "the record revealed no intent that the plaintiff expected to serve the unserved defendant[.]" *Id.* (citing *Penn*, 363 S.W.2d at 232).

Nothing in the record indicates that Lewis Brisbois was ever served. That said, "[t]he failure to effect service of process against an unserved defendant, however, does not, by itself, demonstrate a lack of intent to serve that defendant." *Bradley v. Authur*, No. 01-15-00065-CV, 2016 WL 7011412, at *2 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, pet. denied) (mem. op.) (citing *In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding)). In such cases, we

9

must determine whether the record shows an intention to serve the unserved defendant. *See id.*; *see also In re Minter Elec. Co.*, 277 S.W.3d 540, 544 (Tex. App.—Dallas 2009, orig. proceeding) (determining record established intention to serve unserved defendant where petition recited where defendant could be served, citation was paid for and issued for him, case was pending less than a year, plaintiffs continued to include defendant in pleadings, and trial court struck through word "Final" in heading of judgment). Mitchell recited in his "Civil Complaint" a location where Lewis Brisbois could allegedly be served. The record shows citation was issued for Lewis Brisbois in April 2023, although no return was on file. Mitchell repeatedly complained about Lewis Brisbois's failure to answer, that it was "in default," and that claims against it could not be dismissed. These facts do not support that Mitchell intended to "discontinue" his claim against Lewis Brisbois. *See M.O. Dental Lab*, 139 S.W.3d at 674; *Penn*, 363 S.W.2d at 232; *Bradley*, 2016 WL 7011412, at \*2; *In re Minter Elec. Co.*, 277 S.W.3d at 544.

Since the record does not show that Mitchell intended to discontinue his claim against Lewis Brisbois, and the Order granting Defendants' Chapter 74 Motion to Dismiss signed by the trial court failed to dispose of all parties and claims or state with "unmistakable clarity" that it is final, we conclude it does not constitute a final

judgment for appellate purposes. *See Lehmann*, 39 S.W.3d at 192–93; *see also M.O. Dental Lab*, 139 S.W.3d at 674; *Penn*, 363 S.W.2d at 232.

Absent a final judgment, we do not have jurisdiction over this interlocutory appeal, unless authorized by statute. *See Bison Bldg. Materials*, 422 S.W.3d at 585 (citations omitted); *Novak v. Schaeffer*, No. 09-21-00405-CV, 2023 WL 2707397, at *2 (Tex. App.—Beaumont Mar. 30, 2023, no pet.) (mem. op.) (stating same in context of Chapter 74); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Section 51.014(a)(9) of the Texas Civil Practice and Remedies Code only authorizes an appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). The statute does not authorize an interlocutory appeal from an order *granting* a motion based on section 74.351(b). *See id.* Appellees moved to dismiss under section 74.351(b) based on Mitchell's failure to serve a report, and the trial court granted their Motion. Accordingly, the statute does not authorize an interlocutory appeal in these circumstances. *See id.*; *see also Bison Bldg. Materials*, 422 S.W.3d at 585; *Novak*, 2023 WL 2707397, at *2.

**CONCLUSION**

Since the Order complained of was not a final judgment nor was an interlocutory appeal authorized by statute, this Court lacks jurisdiction. *See Bison Bldg. Materials*, 422 S.W.3d at 585; *Lehmann*, 39 S.W.3d at 192–93; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

W. SCOTT GOLEMON
Chief Justice

Submitted on September 12, 2025
Opinion Delivered January 8, 2026

Before Golemon, C.J., Wright and Chambers, JJ.