NO. 07-06-0366-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 26, 2009
_____

CARLOS A.L. VAUGHN, APPELLANT

V.

BRUCE ZELLER, JOE NUNN AND KATHY SKINNER, APPELLEES
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 092479-00-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Carlos A.L. Vaughn, appearing *pro se*, appeals the trial court's order granting summary judgment in favor of Bruce Zeller, Joe Nunn, William Walker,[1] and K. Skinner, appellees. We affirm.

---

[1] The summary judgment did not explicitly dispose of Vaughn's claims against William Walker. However, based on the record before us, Walker was not properly served. Such a judgment is normally considered final for purposes of appeal and the case stands as if there had been a discontinuance as to the parties not served. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962); *Osborne v. St. Luke's Episcopal Hosp.,* 915 S.W.2d 906, 908 (Tex.App.–Houston [1st Dist.] 1996, writ denied).

## Background

This case arises from prison disciplinary actions taken against Vaughn, an inmate in the Institutional Division of the Texas Department of Criminal Justice. In 2001, Vaughn was incarcerated in the Terrell Unit. After an internal investigation and disciplinary hearing, Vaughn was found guilty there of participating in an assault on a correctional officer, a major disciplinary infraction. He was assessed sanctions that included his receipt of a security precaution designator. Vaughn denied participating in the assault.

Vaughn later was transferred to the Clements Unit in Potter County. His efforts there to have the security precaution designator removed were denied. The designator precludes Vaughn's participation in educational activities and other privileges open to other inmates. He filed suit against the appellees, all employees of the Department at the Clements Unit, contending each played a role in the continuation of the sanctions assessed him, including the security precaution designator. His suit sought both monetary and injunctive relief comprising the clearance of his record, the removal and expunction of the security precaution classification from his record, $10,000 from each defendant in actual damages, additional punitive damages, and promotion to the custody classification he would have had without the disciplinary action.

Appellees filed a motion for summary judgment asserting four grounds. The trial court granted the motion and entered judgment denying Vaughn any relief. On appeal, Vaughn briefs five appellate issues. He presents a general issue challenging the grant of

summary judgment, and challenges each of the four grounds asserted in appellees' summary judgment motion.

Analysis

Our review of a summary judgment is *de novo* to determine whether the movant established the absence of a genuine issue as to any material fact and his entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995); *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.–Dallas 2000, pet. denied).  We take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  Where the movant is a defendant, it must negate at least one essential element of the plaintiff's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Likewise, a defendant who conclusively establishes each element of an affirmative defense and leaves no issue of material fact is entitled to summary judgment.  *Id.*  When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, as in this case, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.  *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993).  *See also Malooley Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970).

3

The summary judgment grounds asserted by appellees included the contention that Vaughn's allegations do not support a due process claim actionable under 42 U.S.C. § 1983.[2]  We find this theory was meritorious, and so affirm the judgment.

Vaughn's pleadings asserted that Zeller, as warden, and Nunn, as assistant warden, of the Clements Unit in which Vaughn then was housed failed to expunge the 2001 disciplinary action from his record, remove the security precaution designator, or otherwise permit Vaughn to achieve a less restrictive custody status so as to allow him access to educational and other privileges.  Vaughn alleged that Zeller and Nunn failed to take these steps despite "sufficient notice and evidence" that Vaughn was not a participant in the 2001 assault and thus was wrongfully disciplined.  He alleged that Skinner, a classification case manager at the Clements Unit, also denied him removal of the security precaution designator.

Appellees' summary judgment evidence includes records from Vaughn's 2001 disciplinary hearing.  The evidence shows that the assault on the correctional officer occurred in a chow hall in the Terrell Unit, and that the officer was attacked by a number of inmates who knocked him to the floor then repeatedly hit and kicked him.  The officer's injuries included a broken finger, a concussion and three broken ribs.  It was undisputed that Vaughn was among the inmates in the chow hall at the time, but the evidence of his participation in the assault was conflicting. Two correctional officers, including the victim

_____

[2] Vaughn's pleadings also referred to the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq. (Vernon 2005), but that statute is not mentioned on appeal, and we do not address it.

of the assault, said Vaughn took part in the assault. Two of the inmates involved in the assault supported Vaughn's statement that he did not participate in the assault.

Some of the inmates were indicted for their parts in the assault. Vaughn apparently was not indicted. Vaughn's pleadings further allege that "it came out during the jury trial" of three of the indicted inmates that Vaughn "had nothing to do with the incident." At bottom, Vaughn's lawsuit contended that those two factors, the absence of an indictment against him in 2001 and the exculpatory evidence heard in the later jury trial of the three other inmates, should have led appellees to relieve him of the security precaution designator and clear his disciplinary record.

Although his suit was against Clements Unit personnel, much of Vaughn's argument addresses perceived wrongs and violations of his rights occurring in the 2001 Terrell Unit disciplinary proceeding. Because nothing in the record raises an issue of material fact that appellees are implicated in any violation of Vaughn's due process rights at the Terrell Unit, summary judgment was proper as to any claims arising from the 2001 proceeding.[3]

---

[3] We note, however, that appellees' summary judgment evidence demonstrates that Vaughn had advance written notice of the 2001 disciplinary charges, an opportunity to call witnesses and present documentary evidence in defense and a written statement of the fact finder of the evidence relied on and the reasons for the disciplinary actions. *See, e.g.*, *Wolff v. McDonnell,* 418 U.S. 539, 563-67, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974) (setting forth minimum procedural due process requirements for prison disciplinary proceedings that result in restraint on liberty). The evidence establishes also that counsel substitute was assigned for Vaughn.

With respect to the failure of appellees to correct his record or otherwise give him relief from the security precaution designator that resulted from the 2001 disciplinary proceeding, Vaughn relies on *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979).[4]  In *Paine*, the Fourth Circuit recognized a limited constitutional right of an inmate, grounded in due process, to have incorrect information expunged from his record.  The court limited the right to information that is false and that is likely to be relied on in a "constitutionally significant way."[5]  *Id.* at 201.  Assuming, arguendo, that *Paine* provides persuasive authority,[6] the opinion expressly discusses, and excludes from the limited right of expungement, situations in which an adverse administrative decision reflected in the record was supported by evidence that the inmate believes to be outweighed by other facts.  *Id*.  That is precisely the case here.  As we have noted, although there was conflicting evidence, two witnesses presented evidence during the 2001 disciplinary proceeding to the effect that Vaughn participated in the assault on the officer.  *See Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) (constitutional requirements met when "some evidence" supports prison disciplinary finding).  Vaughn believes that evidence is

---

[4] Vaughn also cites *Farino v. Coughlin*, 642 F.Supp. 276, 281-82 (S.D.N.Y. 1986), which applied *Paine*.

[5] Appellees do not argue on appeal that Vaughn's suit fails because his loss of privileges is not constitutionally protected, and we express no opinion on that question.

[6] But see *Johnson v. Rodriguez*, 110 F.3d 299, 309 n.13 (5th Cir. 1997), casting doubt on *Paine.*

outweighed by other evidence.[7]  In that situation, the *Paine* opinion says, expungement is not required.

No evidence in the record before us suggests appellees' failure to take the actions Vaughn sought was a violation of his due process or other constitutional rights.  We find the summary judgment record conclusively demonstrates the absence of a genuine issue as to any material fact and appellees' entitlement to judgment as a matter of law.  Accordingly, we overrule Vaughn's first and third issues challenging the grant of summary judgment.  Our disposition of those issues makes unnecessary our consideration of Vaughn's second, fourth and fifth issues challenging appellees' other grounds for summary judgment.  *State Farm,* 858 S.W.2d at 380; Tex. R. App. P. 47.1 (requiring court of appeals to address issues necessary to final disposition of appeal).  The trial court's judgment is affirmed.

James T. Campbell
Justice

---

[7] Vaughn in effect argues appellees had a constitutional duty to disregard entirely the result of the disciplinary proceeding because he was not held criminally responsible and because further evidence favorable to his denial of participation was later heard in another proceeding.  *Paine* does not support such a contention.