Harris-A v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-007-CR

Â Â Â Â Â ARTEE HARRIS III,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-417-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Harris appeals from his conviction for murder, for which he was sentenced to life
in the Texas Department of Criminal Justice plus a $10,000 fine.
Â Â Â Â Â Â Appellant Harris, the deceased Malcolm Estelle, Kevin Willis, and Wallace Rose were at the
Change of Pace Club in East Waco at l:30 a.m. on March 20, 1994. Appellant, Willis, Rose, and
Estelle went outside the club where Appellant, Willis, and Rose fought with Estelle and had him
down on the ground. Willis went to his car and got his Tech 9-M automatic pistol and was
returning when he dropped the pistol. Appellant picked up the pistol and returned to the scene. 
Estelle was standing up; Appellant shot him and Estelle fell to the ground. Appellant, standing
over Estelle, shot him three more times. Four witnesses testified they saw Appellant shoot Estelle,
and Appellant told two other witnesses, after the shooting, that he had killed Estelle. Appellant
was indicted for, and convicted of, the murder of Estelle and was sentenced to life in prison plus
a fine.
Â Â Â Â Â Â Appellant appeals on two points of error.
Â Â Â Â Â Â Point one: "Prosecution's argument during the punishment phase of Appellant's trial appealed
to the sentiments of the community and resulted in reversible error." Specifically, Appellant
complains of the following argument to the jury by the prosecutor:
We are here about a brutal murder, let's keep our focus of attention on what we are
here for. You carried the baton yesterday when you came back with the right
verdict. You are half way through the race, the half means nothing when you don't
carry through to the finish.

Â Â Â Â Â Â Appellant contends the argument was an improper plea for law enforcement and urged the jury
to return a life sentence based on the expectations of the community, the District Attorney's
Office, the Waco Police Department, and the State of Texas by requesting the jury to "carry the
baton."
Â Â Â Â Â Â To preserve error committed during jury argument, the defendant must object and receive an
adverse ruling. Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989). Appellant did not
object and has preserved nothing for review. An exception to this rule exists when the argument
is so prejudicial that an instruction to disregard could not cure the harm. Moltey v. State, 773
S.W.2d 283, 293 (Tex. Crim. App. 1989).
Â Â Â Â Â Â Appellant's argument does not fall in that category. Moreover, Appellant's assertion that the
argument "was an improper plea for law enforcement based on the expectations of the community,
the District Attorney's Office, the Waco Police Department, and the Texas of Texas" is without
support in the record and is a mere conjecture on behalf of the Appellant. A review of the State's
entire closing argument in the punishment phase reveals the State did not once specifically refer
to or imply that the District Attorney's Office, The Waco Police Department, or the State of Texas
demanded or expected any specific punishment. Rather, the State argued: "Punishment means
nothing if it isn't certain. Make it just, make it proper."
The State's argument was not improper. Point one is overruled.
Â Â Â Â Â Â Point two: "The prosecution committed reversible error by striking out at the Appellant over
the shoulders of his defense counsel during argument to the jury."
Â Â Â Â Â Â Gretta Johnson, a State's witness, testified that Appellant told her he had killed the deceased. 
Appellant's witness, Kathy Lewis, testified that Gretta had told her that Appellant did not do it,
and Lewis further testified that Appellant's attorney represented her in a pending matter; that she
had tried to get Appellant's attorney represent her boyfriend on a pending murder charge but that
he had refused, but that she still "wished" he would represent her boyfriend. She further testified
she could not remember Gretta's last name although she had known her for five or six years.
Â Â Â Â Â Â The prosecutor during jury argument on guilt-innocence stated that Kathy Lewis was lying;
that she was trying to get Appellant's attorney to represent her boyfriend in a murder case; that
she is trying to give him something and she gave him a big lie.
Â Â Â Â Â Â Appellant did not object to the argument and no error was preserved for review. Harris v.
State, supra. Moreover, the argument was a reasonable inference based on facts in evidence. 
Point two is overruled.
Â Â Â Â Â Â The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 6, 1995
Do not publish 



'text-align:justify;line-height:200%'>   The indictment vested the district
court with jurisdiction to try Warren for aggravated assault of a public
servant.Â  See Tex. Const. art. V, Â§ 12(b);
Teal, 230 S.W.3d at 176.Â  Any improprieties in the StateÂs amendment of
the enhancement allegations of the indictment did not deprive the court of
jurisdiction.Â  And because the district court had subject matter jurisdiction,
so too did the court of appeals.Â  Cf. ItÂs the Berrys, 271 S.W.3d at 772.Â  Therefore, Appellees have judicial
immunity.Â  See Ballard, 413 F.3d at 517; Bradt, 892 S.W.2d at 68.

We overrule WarrenÂs sole point and affirm the
judgment.

Â 

FELIPE REYNA

Justice

Before Justice Reyna,

Judge
Willis,[6] and

Judge
Stanton[7]

Affirmed

Opinion delivered and
filed July 14, 2010

[CV06]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Warren named as defendants the
former and current district attorneys of Ellis County, the Ellis County
district judge who presided over his trial, the justices of this Court who
participated in the opinion affirming his conviction, the judges of the Court
of Criminal Appeals, and an assistant attorney general.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Davis resigned as chief
justice in August 2003 and returned to private practice.Â  He was subsequently
elected as a justice of the Court and took office in January 2009.

Â 





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  This allegation appears to be
an effort on WarrenÂs part to allege a waiver of immunity under the Texas Tort
Claims Act for personal injury proximately caused by use of tangible personal
property.Â  See Tex. Civ. Prac.
& Rem. Code Ann. Â§ 101.021(2) (Vernon 2005).Â  However, the Tort
Claims Act does not waive immunity for Âa claim based on an act or omission of
a court of this state or any member of a court of this state acting in his
official capacity.ÂÂ  Id. Â Â§ 101.053(a) (Vernon 2005).

Â 





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  These are the only defendants
who appeared.Â  The other defendants were not served, and their failure to
appear raises the question of whether the judgment is final and appealable.Â 
The judgment will be considered final and appealable if nothing in the record
indicates that the plaintiff expected to obtain service on the other
defendants.Â  See Sondock v. Harris County Appraisal Dist., 231 S.W.3d 65,
67 n.1 (Tex. App.ÂHouston [14th Dist.] 2007, no pet.) (citing M.O. Dental
Lab v. Rape, 139 S.W.3d 671, 674-75 (Tex. 2004) (per curiam); Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962)).Â 
Here, there is nothing in the record to indicate that Warren expected to obtain
service on the remaining defendants.Â  See Nabelek v. City of Houston,
No. 01-06-01097-CV, 2008 WL 5003737, at *4 (Tex. App.ÂHouston [1st Dist.] Nov.
26, 2008, no pet.) (mem. op.).Â  Thus, the judgment is final and appealable.





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  But WarrenÂs success on such
an issue is highly doubtful because he pleaded ÂtrueÂ to the enhancement
allegations of the amended indictment.Â  See Villescas v. State,
189 S.W.3d 290, 294-95 (Tex. Crim. App. 2006) (notice of enhancement allegation
at beginning of punishment phase is constitutionally adequate if defendant
stipulates to allegation); Fugate v. State, 200 S.W.3d 781, 787 (Tex.
App.ÂFort Worth 2006, no pet.) (Dauphinot, J., concurring) (ÂStipulating to the
conviction named in an enhancement allegation or pleading true thereto
demonstrates that there is no harm from late noticeÂ).





[6]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Honorable Jill R. Willis,
Judge of the 429th District Court of Collin County, sitting by appointment of
the Governor of Texas pursuant to article V, section 11 of the Texas
Constitution.Â  See Tex. Const.
art. V, Â§ 11.

Â 





[7]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Honorable James M. Stanton,
Judge of the 134th District Court of Dallas County, sitting by appointment of
the Governor of Texas pursuant to article V, section 11 of the Texas
Constitution.Â  See Tex. Const.
art. V, Â§ 11.