NO. 07-05-0366-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 7, 2005


______________________________



AMBER C. ERICKSON




 Appellant


v.



OTIS SIMMONS



 Appellee


 _________________________________



FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-525,408; HON. WILLIAM C. SOWDER, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant appeals from an order of the trial court granting appellee an equitable bill
of review. On December 1, 2005, the clerk requested an extension of time to file the record
with this court, which request was granted to December 14, 2005. The reporter's record
was due on November 14, 2005, but not filed. On November 22, 2005, this court notified
the court reporter that the record was overdue. It also informed the reporter to file, by
December 2, 2005, a status report and/or a request for extension of time to file the
reporter's record. Neither document has been filed. Nor has the reporter filed the record.

 Accordingly, we abate this appeal and remand the cause to the 99th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed,


 when the reporter's record can reasonably be filed in a manner that
does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellants of their right to appeal, and,

 whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental record and reporter's record transcribing the hearing with the clerk of this
court on or before January 6, 2006. Should further time be needed by the trial court to
perform these tasks, then same must be requested before January 6, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



ns-serif">AT AMARILLO

PANEL D

JULY 22, 2009
______________________________

KENNETH HICKMAN-BEY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID, ET AL., APPELLEES
_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4249H; HONORABLE RON ENNS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Kenneth Hickman-Bey, a prison inmate appearing pro se and in forma pauperis,
brings this appeal from an order of dismissal in his suit against the Texas Department of
Criminal Justice and six of its employees. Finding the order Hickman-Bey attempts to
appeal is not a final judgment or an appealable interlocutory order, we dismiss the appeal
for want of jurisdiction.
 
Background
          Through his “First Amended Complaint” Hickman-Bey sought injunctive and
declaratory relief according to 42 U.S.C. § 1983 against the department as well as
“Chaplain” Brown, Betty Parish-Gary, Roy Romero, Larry Goucher, Jasper Maxey, and
Tamala Alvarez. The Attorney General answered on behalf of the department, Brown,
Goucher, Romero, and “Lynne Gary.” That office then filed a motion to dismiss on behalf
of the same parties alleging Hickman-Bey failed to file affidavits of previous filings or
exhaustion of administrative remedies as required by Chapter 14 of the Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). By
order of September 28, 2005, the trial court dismissed the claims against Brown, Goucher,
Romero, “Lynne Gary,” and the department “as frivolous, for failure to comply with the
requirements of Chapter Fourteen of the Civil Practice and Remedies Code.”
          Hickman-Bey appealed. By order of April 26, 2007, we dismissed the appeal for
want of jurisdiction. Hickman-Bey v. Texas Dep’t of Crim. Justice–C.I.D., No. 07-05-0397-CV, 2007 WL 1227684, at *1 (Tex.App.–Amarillo April 26, 2007, no pet.) (mem. op.). We
found the order from which Hickman-Bey attempted to appeal did not dispose of the claims
against Alvarez and Maxey. Nor did the stated dismissal of claims against “Lynne Gary”
dispose of those against the named defendant, Betty Parish-Gary. Id. & n.1. Our mandate
issued July 16, 2007.
          By letter to the parties of September 22, 2008, the trial court noted the remaining
defendants in the case were Betty Parish-Gary and the “unserved” defendants Alvarez and
Maxey. It explained its intention to dismiss Betty Parish-Gary by the 2005 order and
directed the Attorney General to submit an order of dismissal in that form for signature. 
It admonished Hickman-Bey that no further action in the case could be taken until he
obtained service of citation on Alvarez and Maxey.
          On October 2, Hickman-Bey filed what appears to be an identical copy of his “First
Amended Complaint.” On the same date, Hickman-Bey filed an affidavit of inability to pay
the costs of service and a request for service of citation on Alvarez. On the motion of the
Attorney General, the trial court signed an order “nunc pro tunc” on October 29 dismissing
the claims against “Betty Parish-Gary.”
          The record shows no further activity in the case until February 17, 2009, when
Hickman-Bey filed a notice of appeal. In an accompanying motion filed in the trial court,
he alleged he did not receive a copy of the court’s October 29 order or receive notice it was
signed until February 10.
Discussion
          In his appellate brief, Hickman-Bey argues the October 29 order did not dispose of
all parties to the suit and despite more than one request, Alvarez and Maxey were not
served with citation. The Attorney General counters that Alvarez and Maxey are not
proper parties to the underlying case because they were not served with citation and did
not answer. 
          We will determine our jurisdiction over this appeal on our own motion and in light of
the facts we have recited. See Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277
(Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction,
sua sponte). 
          As we noted in our opinion on appellant’s previous appeal, an appeal generally may
be taken only from a final judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001) (stating rule). Appeal can be taken from interlocutory orders in certain
instances authorized by statute. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992); see, e.g., Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon 2008). An order
dismissing some, but not all, defendants under Chapter 14 is not authorized for
interlocutory appeal.


 A judgment is final for purposes of appeal if it disposes of all pending
parties and claims. Lehmann, 39 S.W.3d at 191; North East Independent School Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The absence of an appealable order deprives
us of jurisdiction to consider the appeal. Qwest Communications Corp. v. AT & T Corp.,
24 S.W.3d 334, 336 (Tex. 2000). 
          The order of October 29, whether considered singularly or in concert with the order
of September 28, 2005, does not dispose of Hickman-Bey’s claims against Alvarez or
Maxey. The record does not indicate Alvarez or Maxey was served with citation or
Hickman-Bey’s affidavit of indigence was challenged. See Tex. R. Civ. P. 145. The record
also does not show disposition, non-suit or severance of the claims against Alvarez or
Maxey. Moreover, the procedural history of this case does not permit us to deem a nonsuit
of these two defendants. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230,
232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as
a nonsuit for purposes of determining finality of judgment). 
          Because the order Hickman-Bey attempts to challenge on appeal is not a final
judgment or an appealable interlocutory order, we dismiss the appeal for want of
jurisdiction. Tex. R. App. P. 42.3(a).


 Lacking jurisdiction, we also dismiss a request for
judicial notice Hickman-Bey filed in this court on July 20, 2009.






                                                                           James T. Campbell

                                                                                      Justice