NO. 07-09-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 22, 2009
______________________________

KENNETH HICKMAN-BEY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID, ET AL., APPELLEES
_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4249H; HONORABLE RON ENNS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Kenneth Hickman-Bey, a prison inmate appearing pro se and in forma pauperis,
brings this appeal from an order of dismissal in his suit against the Texas Department of
Criminal Justice and six of its employees. Finding the order Hickman-Bey attempts to
appeal is not a final judgment or an appealable interlocutory order, we dismiss the appeal
for want of jurisdiction.
Â 
Background
Â Â Â Â Â Â Â Â Â Â Through his âFirst Amended Complaintâ Hickman-Bey sought injunctive and
declaratory relief according to 42 U.S.C. Â§ 1983 against the department as well as
âChaplainâ Brown, Betty Parish-Gary, Roy Romero, Larry Goucher, Jasper Maxey, and
Tamala Alvarez. The Attorney General answered on behalf of the department, Brown,
Goucher, Romero, and âLynne Gary.â That office then filed a motion to dismiss on behalf
of the same parties alleging Hickman-Bey failed to file affidavits of previous filings or
exhaustion of administrative remedies as required by Chapter 14 of the Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. Â§Â§ 14.001-14.014 (Vernon 2002). By
order of September 28, 2005, the trial court dismissed the claims against Brown, Goucher,
Romero, âLynne Gary,â and the department âas frivolous, for failure to comply with the
requirements of Chapter Fourteen of the Civil Practice and Remedies Code.â
Â Â Â Â Â Â Â Â Â Â Hickman-Bey appealed. By order of April 26, 2007, we dismissed the appeal for
want of jurisdiction. Hickman-Bey v. Texas Depât of Crim. JusticeâC.I.D., No. 07-05-0397-CV, 2007 WL 1227684, at *1 (Tex.App.âAmarillo April 26, 2007, no pet.) (mem. op.). We
found the order from which Hickman-Bey attempted to appeal did not dispose of the claims
against Alvarez and Maxey. Nor did the stated dismissal of claims against âLynne Garyâ
dispose of those against the named defendant, Betty Parish-Gary. Id. & n.1. Our mandate
issued July 16, 2007.
Â Â Â Â Â Â Â Â Â Â By letter to the parties of September 22, 2008, the trial court noted the remaining
defendants in the case were Betty Parish-Gary and the âunservedâ defendants Alvarez and
Maxey. It explained its intention to dismiss Betty Parish-Gary by the 2005 order and
directed the Attorney General to submit an order of dismissal in that form for signature. 
It admonished Hickman-Bey that no further action in the case could be taken until he
obtained service of citation on Alvarez and Maxey.
Â Â Â Â Â Â Â Â Â Â On October 2, Hickman-Bey filed what appears to be an identical copy of his âFirst
Amended Complaint.â On the same date, Hickman-Bey filed an affidavit of inability to pay
the costs of service and a request for service of citation on Alvarez. On the motion of the
Attorney General, the trial court signed an order ânunc pro tuncâ on October 29 dismissing
the claims against âBetty Parish-Gary.â
Â Â Â Â Â Â Â Â Â Â The record shows no further activity in the case until February 17, 2009, when
Hickman-Bey filed a notice of appeal. In an accompanying motion filed in the trial court,
he alleged he did not receive a copy of the courtâs October 29 order or receive notice it was
signed until February 10.
Discussion
Â Â Â Â Â Â Â Â Â Â In his appellate brief, Hickman-Bey argues the October 29 order did not dispose of
all parties to the suit and despite more than one request, Alvarez and Maxey were not
served with citation. The Attorney General counters that Alvarez and Maxey are not
proper parties to the underlying case because they were not served with citation and did
not answer. 
Â Â Â Â Â Â Â Â Â Â We will determine our jurisdiction over this appeal on our own motion and in light of
the facts we have recited. See Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277
(Tex.App.âAmarillo 1995, no writ) (appellate court must address questions of jurisdiction,
sua sponte). 
Â Â Â Â Â Â Â Â Â Â As we noted in our opinion on appellantâs previous appeal, an appeal generally may
be taken only from a final judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001) (stating rule). Appeal can be taken from interlocutory orders in certain
instances authorized by statute. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992); see, e.g., Tex. Civ. Prac. & Rem. Code Â§ 51.014 (Vernon 2008). An order
dismissing some, but not all, defendants under Chapter 14 is not authorized for
interlocutory appeal.


 A judgment is final for purposes of appeal if it disposes of all pending
parties and claims. Lehmann, 39 S.W.3d at 191; North East Independent School Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The absence of an appealable order deprives
us of jurisdiction to consider the appeal. Qwest Communications Corp. v. AT & T Corp.,
24 S.W.3d 334, 336 (Tex. 2000). 
Â Â Â Â Â Â Â Â Â Â The order of October 29, whether considered singularly or in concert with the order
of September 28, 2005, does not dispose of Hickman-Beyâs claims against Alvarez or
Maxey. The record does not indicate Alvarez or Maxey was served with citation or
Hickman-Beyâs affidavit of indigence was challenged. See Tex. R. Civ. P. 145. The record
also does not show disposition, non-suit or severance of the claims against Alvarez or
Maxey. Moreover, the procedural history of this case does not permit us to deem a nonsuit
of these two defendants. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230,
232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as
a nonsuit for purposes of determining finality of judgment). 
Â Â Â Â Â Â Â Â Â Â Because the order Hickman-Bey attempts to challenge on appeal is not a final
judgment or an appealable interlocutory order, we dismiss the appeal for want of
jurisdiction. Tex. R. App. P. 42.3(a).


 Lacking jurisdiction, we also dismiss a request for
judicial notice Hickman-Bey filed in this court on July 20, 2009.






Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice




cked="false" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 6"/>
 
 
 
 
 
 
 
 
 









NO. 07-10-0208-CV

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



SEPTEMBER  22, 2010

Â 



Â 

WELLS FARGO BANK, NATIONAL ASSOCIATION, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

v.

Â 

CATHERINE D. KOEHLER TRUST, MARY CATHERINE SCHOOLER TRUST, AND LOUISE
TRAMMELL TRUST, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

_____________________________

Â 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

Â 

NO. 98,287-E; HONORABLE DOUGLAS
WOODBURN, PRESIDING

Â 



Â 

On Agreed
Motion to Dismiss Appellee The Mary Catherine Schooler
Trust

Â 



Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Wells Fargo Bank, National
Association and appellee the Mary Catherine Schooler Trust, filed an agreed
motion to dismiss the Mary Catherine Schooler Trust from the appeal.Â  Nothing appearing of record
which indicates that the dismissal of the Mary Catherine Schooler Trust will
prejudice any other party to the appeal, we grant the motion.Â  Tex. R. App. P. 42.1(b).Â Â  The appeal of appellant is dismissed as to
the Mary Catherine Schooler Trust.

Â 

Per Curiam

Â 

Â 








Â