

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00301-CV
_____

NANCY WEDGEWORTH, APPELLANT

V.

CITY OF AMARILLO, ET AL., APPELLEES

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 104164-A, Honorable Dan L. Schaap, Presiding

May 17, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Nancy Wedgeworth, appearing here and in the trial court pro se, sued the City of Amarillo and several individual defendants alleging the City wrongfully demolished a structure after declaring it a public nuisance. The trial court sustained the City's plea to the jurisdiction and Wedgeworth appealed. We will reverse the decision and remand the case to the trial court.

Background

When viewed in the light most favorable to Wedgeworth,[1] the evidence shows a residence Wedgeworth owned was damaged by fire in February 2012. The property was vacated and in June 2014 the City granted Wedgeworth two months to repair the structure. The City apparently boarded the structure and, during November 2014, posted the property for condemnation.

On December 22, 2014, the city council conducted a hearing to consider whether to declare the structure a public nuisance and order its demolition. Wedgeworth appeared at the hearing. That day, December 22, the council adopted a resolution finding the structure to be a public nuisance which had not been timely abated.[2]

On January 2, 2015, Wedgeworth accepted delivery by certified mail of a copy of the council's December 22 decision. The structure was demolished by the City on April 1, 2015. Wedgeworth filed her original petition on April 29, 2015, alleging a takings claim. *See* U.S. CONST. AMEND. V; Tex. Const. Art. I, § 17.

Section 4-3-3(i) of the Amarillo Municipal Code provides: "*Appeal.* The findings and decision of the City Commission may be appealed to district court within thirty (30) days after rendering of the decision, for a trial in accordance with City of Dallas v.

---

[1] The standard for reviewing a plea to the jurisdiction supported by evidence generally mirrors that of a traditional summary judgment motion. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004). We therefore review the evidence of jurisdictional facts in the light most favorable to the nonmovant, crediting evidence favorable to that party if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable juror could not. *Id.*

[2] The substance of the resolution's ordering paragraph appears drawn from Amarillo Municipal Code section 4-3-3 ("Abatement of substandard structures"), subsection (f)(7)(iii).

Stewart, No. 09-0257 (Tex.) (op. on reh., Jan. 2012)." The City filed a plea to the jurisdiction asserting the trial court lacked subject-matter jurisdiction because Wedgeworth had thirty days from December 22 to appeal the city council's decision and her failure to act timely deprived the district court of jurisdiction. After a brief hearing on the motion, the trial court signed an order granting the plea to the jurisdiction and dismissing Wedgeworth's case with prejudice.

Analysis

Appellate Jurisdiction

On our own motion, we first consider our jurisdiction over this appeal. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (noting our obligation to consider jurisdiction *sua sponte*). Among the individual defendants named in Wedgeworth's petition were then-Amarillo city manager Jarrett Atkinson and "Scott McDaniel."[3] The City's plea to the jurisdiction was filed also on behalf of all the individual defendants except Atkinson and McDaniel. The City's pleading pointed out no citation had been issued for service on those two defendants and no return of service appeared. We note the record before us also reflects no citation issued for those defendants and no answer filed on their behalf. Nothing in the record indicates either appeared in the case. The appellate jurisdiction of a Texas intermediate appellate court extends only to final orders or judgments and orders specifically authorized by statute for interlocutory appeal. *In re Roxsane R.,* 249 S.W.3d 764, 774-75 (Tex. App.—Fort Worth 2008, no pet.). If the present order of dismissal is

---

[3] The City's pleading indicates it believes Wedgeworth intended to name Scott McDonald, not McDaniel.

3

not final, no statute permits an interlocutory appeal by Wedgeworth as a matter of right. We conclude, however, we have jurisdiction over the appeal.

"[A] judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party." *Garcia v. State Farm Lloyds,* 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. denied) (citing *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962); *M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674-75 (Tex. 2004) (reaffirming *Penn* following *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205-06 (Tex. 2001)). The record provides no indication Wedgeworth intended to proceed against Atkinson and McDaniel. Thus, "the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Rape,* 139 S.W.3d at 674 (quoting *Penn,* 363 S.W.2d at 232).

Trial Court Jurisdiction

We turn now to the sole issue on appeal, whether the trial court properly dismissed Wedgeworth's lawsuit for lack of subject-matter jurisdiction. "Whether a trial court possesses jurisdiction is a question of law we review de novo." *City of Houston v. Williams,* 353 S.W.3d 128, 133 (Tex. 2011).

Under the doctrine of sovereign or governmental immunity, a trial court lacks subject-matter jurisdiction over lawsuits against the State or other governmental units, such as the City, unless the Legislature consents to suit. *Tex. Dep't of Parks & Wildlife*

4

*v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). A governmental unit is not immune from a valid takings claim*. Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex. 2001). Immunity from suit is not waived by a governmental unit, however, absent a claimant's compliance with all statutory prerequisites to suit. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013) (providing in part, "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity"). As used in section 311.034, "the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit*." Prairie View A&M Univ. v. Chatha,* 381 S.W.3d 500, 512 (Tex. 2012).[4]

Here the City asserts Wedgeworth failed to satisfy a statutory prerequisite to bringing her suit. Specifically, it contends the trial court lacked subject-matter jurisdiction because Wedgeworth did not file her suit within the thirty-day limitation period established by Amarillo Municipal Code section 4-3-3(i). But the limitation period of municipal code section 4-3-3(i) does not arise by statute; thus filing suit within that period is not a statutory prerequisite to the attachment of the trial court's jurisdiction. *See City of Austin v. Liberty Mut. Ins.,* 431 S.W.3d 817, 827 (Tex. App.—Austin 2014, no pet.) ("The City's reliance on section 311.034 is misplaced, however, because the

---

[4] The court in *Chatha* provided additional insight into the meaning of "statutory prerequisites to suit," explaining:

> The term "statutory prerequisite" has three components. First, . . . a prerequisite must be found in the relevant statutory language. Second, the prerequisite must be a requirement. And finally, the term "pre" indicates the requirement must be met before the lawsuit is filed. Thus, according to the plain language of section 311.034, the term "statutory prerequisite" refers to statutory provisions that are mandatory and must be accomplished prior to filing suit.

381 S.W.3d at 511-12 (citations and footnote omitted).

notice provision at issue in the present case is contained in the Austin City Charter rather than in a statute and thus is not a *statutory* prerequisite to suit" (emphasis in original)).

## Conclusion

Wedgeworth's failure to file her suit in district court within thirty days of the city council's decision on December 22, 2014, did not deprive the trial court of subject-matter jurisdiction. We therefore reverse the trial court's dismissal order and render an order denying the City's plea to the jurisdiction. The case is remanded for further proceedings consistent with this opinion.

James T. Campbell
Justice
