

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00093-CV

---

NHUNG THI NGUYEN AND HA PHU TRIEU, APPELLANTS

V.

HOANG NGUYEN, LANA DZUONG, ALEX MARK REAL ESTATE LLC, THE
REALTORS NETWORK, INC. AND GREEN HOME CAPITAL LLC, APPELLEES

---

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 45726, Honorable Curt Brancheau, Presiding

---

August 19, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

On our own motion, we question our jurisdiction over this appeal. We therefore abate and remand the case to the trial court for clarification through findings of fact and conclusions of law.

**Background**

Appellants (plaintiffs in the trial court), Nhung Thi Nguyen and Ha Phu Trieu, sued Appellees, Hoang Nguyen, Lana Dzuong, Alex Mark Real Estate, LLC, The Realtors Network, Inc., and Green Home Capital, LLC on October 19, 2023. The petition alleged breach of contract, fraud, and tortious interference with existing and prospective contractual relations.

On December 4, 2023, defendants filed a document entitled "Defendants' Special Appearance, Motion to Change Venue, and Motion to Dismiss Under Rule 91a." The opening paragraph of the motion, bearing the heading "Special Appearance," states that the defendants "appear herein under Rule 120a to challenge the Court's jurisdiction because of improper venue under Rule 15.002 of the Texas Rules of Civil Procedure (sic)."

Plaintiffs subsequently filed a second amended petition on February 21, 2024, adding Chau Diem Pham as a defendant. Defendant Pham was alleged to have engaged in a civil conspiracy with other defendants. Citation to Pham issued the next day; the clerk's "case summary" stated it was "sent to attorney for service." The record does not indicate that Pham joined the other defendants in presenting the motion or made an appearance in the case; nor does the record indicate that Pham was ever served.

The trial court conducted an argument-only hearing via Zoom on March 6, 2024, to address the defendants' motion. Following brief arguments from counsel, the trial court announced its ruling:

[T]he Court is going to grant the Motion to Transfer Venue. Additionally, the Court is going to issue sanctions under 10.001 in the amount of $2,500. I do find the legal contention in the pleadings filed by the Plaintiffs to be frivolous. There's nothing in those facts alleged in the petition that meet the venue requirements under the Civil Practices & Remedies Code. The Court is going to ask [defendants' counsel] to, please, draft an order transferring this case and also for those sanctions against [plaintiffs' counsel].

On March 11, 2024, the trial court signed an order decreeing that defendants' "Special Appearance, Motion to Dismiss under Rule 91a *and/or* Motion to Change Venue is GRANTED, and that this case be DISMISSED, with prejudice." (capitalization in original; italics added). Citing Civil Practice and Remedies Code sections 10.001(2) and 10.001–10.004, the order imposed a monetary sanction of $2,500 against plaintiffs' counsel for asserting a baseless venue allegation in plaintiffs' original and amended petitions. The order then stated: "All other requests that are not granted are hereby Denied."

In their appellate brief, Appellants contend the basis of this Court's appellate jurisdiction is section 51.014(a)(7) of the Texas Civil Practice and Remedies Code (granting an interlocutory appeal from an order granting or denying a special appearance under Rule 120a). Appellees did not file an appellate brief.

**Jurisdiction**

We possess jurisdiction to consider our own jurisdiction over an appeal.[1] *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (noting our obligation to consider jurisdiction sua sponte). Generally, appellate courts have jurisdiction only over appeals from final judgments. *Bonsmara Nat. Beef Co.,*

---

[1] We review this question de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC,* 603 S.W.3d 385, 390 (Tex. 2020).

603 S.W.3d at 390. Absent a conventional trial, a judgment is considered "final" for appellate purposes if it (1) actually disposes of all claims and parties before the court, or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192–93 (Tex. 2001); *see also Patel v. Nations Renovations, LLC,* 661 S.W.3d 151, 154 (Tex. 2023) (orig. proceeding) (per curiam).

When authorized by statute, appellate courts sometimes possess jurisdiction over interlocutory rulings. *See Bonsmara Nat. Beef Co.,* 603 S.W.3d at 390; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (authorizing appeals from an interlocutory order granting or overruling a special appearance made under Rule 120a); *id.* § 15.003(b) (permitting interlocutory appeal of certain venue determinations in cases with more than one plaintiff).

Our jurisdictional inquiry stems from the trial court's March 11, 2024 ruling, which ostensibly grants the defendants' special appearance, Rule 91a motion, "and/or" motion to transfer venue. The phrase "and/or" has been construed to mean "both or either." *Horseshoe Bay Resort, Ltd. v. CRVI CDP Portfolio, LLC*, 415 S.W.3d 370, 377 (Tex. App.—Eastland 2013, no pet.). Consequently, without regard to the merits, we must ascertain whether the trial court intended to:

- Grant defendants' special appearances;

- Grant the Rule 91a motion to dismiss;

- Transfer the case to another venue;

- Effect some combination of the above; or

4

- Dismiss all of plaintiffs' claims against all parties, including Pham, and thereby render a final judgment.

Determining the trial court's intent is crucial, as it directly impacts our ability to exercise jurisdiction over this appeal. The following discussion elucidates the Court's quandary.

## 1.  Did the order grant defendants' special appearance or a motion to dismiss?

The trial court's order states, "this case [is] DISMISSED, with prejudice." Is this a final order? Appellant's addition of Pham as a party potentially precludes finality; not all parties have been disposed of. *See Lehmann*, 39 S.W.3d at 195.

Admittedly, the Supreme Court of Texas has held final judgment jurisdiction is not defeated by an un-served party who has not appeared when "nothing in the record indicated that the plaintiff in the case ever expected to obtain service upon the remaining party." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (discussing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). Unlike *Rape* and *Penn*, however, the plaintiffs here sought and obtained citation for Pham.

Because we cannot conclusively hold plaintiffs had no intent to serve Pham, we cannot ascertain whether the trial court signed a final judgment.

## 2.  Did the order grant defendants' motion to transfer?

Alternatively, did the trial court intend to transfer this case? If so, section 15.003(b) may vest us with interlocutory appellate jurisdiction notwithstanding unresolved claims against Pham in the trial court.

While the order's dismissal language of "this case" suggests a transfer was not intended, the conflicting "and/or" phrase nevertheless implies the court may have granted a venue transfer consistent with its record statements on March 6. Notably, Rule of Civil Procedure 89 states in part: "If a motion to transfer venue is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the proper court; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff." TEX. R. CIV. P. 89.

This inconsistency further complicates our jurisdictional determination.

**Conclusion**

The aforementioned conflicts preclude our threshold determination of appellate jurisdiction and the scope of the parties and issues before us. Therefore, without communicating any position on the correctness or propriety of the trial court's March 11, 2024 order, this Court abates the appeal and remands to the trial court for clarification through findings of fact and conclusions of law. The court shall address:

(1) which claims, if any, have been disposed of;

(2) which claims, if any, remain in the trial court;

(3) which parties, if any, have been disposed of;

(4) which parties, if any, remain in the trial court; and

(5) whether any portion of plaintiff's claims against any defendant are being transferred to another trial court.

The trial court shall identify which portions of the defendants' motion it is granting for each disposition, and may include other findings and conclusions necessary to inform our jurisdiction over Appellants' appeal.

The trial court shall then include its findings and conclusions in a supplemental clerk's record to be filed with the Clerk of this Court on or before September 18, 2024.

It is so ordered.

Per Curiam

7