NO. 07-09-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 22, 2009
_____

KENNETH HICKMAN-BEY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID, ET AL., APPELLEES
_____

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4249H; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Kenneth Hickman-Bey, a prison inmate appearing *pro se* and *in forma pauperis*, brings this appeal from an order of dismissal in his suit against the Texas Department of Criminal Justice and six of its employees.  Finding the order Hickman-Bey attempts to appeal is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.

Background

Through his "First Amended Complaint" Hickman-Bey sought injunctive and declaratory relief according to 42 U.S.C. § 1983 against the department as well as "Chaplain" Brown, Betty Parish-Gary, Roy Romero, Larry Goucher, Jasper Maxey, and Tamala Alvarez. The Attorney General answered on behalf of the department, Brown, Goucher, Romero, and "Lynne Gary." That office then filed a motion to dismiss on behalf of the same parties alleging Hickman-Bey failed to file affidavits of previous filings or exhaustion of administrative remedies as required by Chapter 14 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). By order of September 28, 2005, the trial court dismissed the claims against Brown, Goucher, Romero, "Lynne Gary," and the department "as frivolous, for failure to comply with the requirements of Chapter Fourteen of the Civil Practice and Remedies Code."

Hickman-Bey appealed. By order of April 26, 2007, we dismissed the appeal for want of jurisdiction. *Hickman-Bey v. Texas Dep't of Crim. Justice–C.I.D.,* No. 07-05-0397-CV, 2007 WL 1227684, at *1 (Tex.App.–Amarillo April 26, 2007, no pet.) (mem. op.). We found the order from which Hickman-Bey attempted to appeal did not dispose of the claims against Alvarez and Maxey. Nor did the stated dismissal of claims against "Lynne Gary" dispose of those against the named defendant, Betty Parish-Gary. *Id.* & n.1. Our mandate issued July 16, 2007.

By letter to the parties of September 22, 2008, the trial court noted the remaining defendants in the case were Betty Parish-Gary and the "unserved" defendants Alvarez and

Maxey. It explained its intention to dismiss Betty Parish-Gary by the 2005 order and directed the Attorney General to submit an order of dismissal in that form for signature. It admonished Hickman-Bey that no further action in the case could be taken until he obtained service of citation on Alvarez and Maxey.

On October 2, Hickman-Bey filed what appears to be an identical copy of his "First Amended Complaint." On the same date, Hickman-Bey filed an affidavit of inability to pay the costs of service and a request for service of citation on Alvarez. On the motion of the Attorney General, the trial court signed an order "nunc pro tunc" on October 29 dismissing the claims against "Betty Parish-Gary."

The record shows no further activity in the case until February 17, 2009, when Hickman-Bey filed a notice of appeal. In an accompanying motion filed in the trial court, he alleged he did not receive a copy of the court's October 29 order or receive notice it was signed until February 10.

## Discussion

In his appellate brief, Hickman-Bey argues the October 29 order did not dispose of all parties to the suit and despite more than one request, Alvarez and Maxey were not served with citation. The Attorney General counters that Alvarez and Maxey are not proper parties to the underlying case because they were not served with citation and did not answer.

3

We will determine our jurisdiction over this appeal on our own motion and in light of the facts we have recited. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

As we noted in our opinion on appellant's previous appeal, an appeal generally may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating rule). Appeal can be taken from interlocutory orders in certain instances authorized by statute. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992); *see, e.g.,* Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon 2008). An order dismissing some, but not all, defendants under Chapter 14 is not authorized for interlocutory appeal.[1] A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann,* 39 S.W.3d at 191; *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). The absence of an appealable order deprives us of jurisdiction to consider the appeal. *Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 336 (Tex. 2000).

The order of October 29, whether considered singularly or in concert with the order of September 28, 2005, does not dispose of Hickman-Bey's claims against Alvarez or Maxey. The record does not indicate Alvarez or Maxey was served with citation or Hickman-Bey's affidavit of indigence was challenged. *See* Tex. R. Civ. P. 145. The record

---

[1] A trial court may order an interlocutory appeal in a civil action not otherwise available for interlocutory appeal on the occurrence of specified conditions. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (Vernon 2008). Those conditions have not occurred here.

also does not show disposition, non-suit or severance of the claims against Alvarez or Maxey. Moreover, the procedural history of this case does not permit us to deem a nonsuit of these two defendants. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment).

Because the order Hickman-Bey attempts to challenge on appeal is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).[2] Lacking jurisdiction, we also dismiss a request for judicial notice Hickman-Bey filed in this court on July 20, 2009.


James T. Campbell
Justice


---

[2] As this appeal is dismissed for want of jurisdiction we express no opinion of the sufficiency of briefing by the parties, the procedure employed by Hickman-Bey to attempt an untimely appeal, or the merits of the case.

5